No. 10,805.

CITY OF NEW ORLEANS AND ORLEANS LEVEE BOARD VS. NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY.

Specific performance of a contract can not be demanded as an absolute right, as it rests largely in the discretion of the court, to be exercised in strict conformity to equity and justice.

The contract must be fixed in its terms, and the liability of the defendant so certain that the duty imposed upon him by the court in ordering the execution of the contract can be readily ascertained and as readily executed.

A decree of specific performance will not be granted when the plaintiff can be adequately compensated in a suit for damages.

City and Levee Board vs. Railroad Co.

A PPEAL from the Civil District Court for the Parish of Orleans.
King, J.

Bernard McCloskey, Attorney for the Levee Board, and Carleton
Hunt, City Attorney, for Plaintiffs and Appellees:

1. Both parties to the suit being citizens of Louisiana, it can not be removed
unless there is some Federal question involved. Conceding that defendant's
charter is a protected contract in the sense of the United States Constitution,
and that the ordinance sought to be enforced is such a law as will impair its
obligations, yet the facts do not contain such contention. State ex rel. City of
New Orleans vs. N. O. & N. E. R. R. Co., 42 An., p. 11.

The mere allegation that the rights claimed by the petitioner herein impair
the obligation of the charter contract is not a ground for the removal of the
cause to the Federal Court. Dillon on Removal of Causes, pp. 73 and 74.

2. Parties can be joined as plaintiffs where there is an identity of interest in the
subject matter. 15 An., p. 31; Cross on Pleading, p. 13; Martin N. S., p. 608; 6,
Martin N. S., p. 142.

All parties interested in the subject matter should be made parties.

3. An action for specific performance will lie to compel a defendant who has
contracted to build a levee upon plans and specifications to be furnished by
the city surveyor upon failure to do so. Arts. 1926 and 1927, C. C.; Lavigne vs.
Michel, 35 An., p. 1127; Bowles vs. Wilcoxen, 2 An., p. 761; State ex rel. City of
New Orleans vs. N. O. & N. E. R. R. Co., 42 An., p. 12; Mobile County vs. Kendall
102 U. S. 743.

4. Ordinance 7483 contains rights and franchises not included in Act No. 106 of
1871. The paving of a portion of the streets and building of a levee for the
benefit of the parish of Orleans is a valid consideration for the privilege
granted by the ordinance, and does not impair the obligation of the contract;
and the imposing of an obligation to do such work does not impair the obliga-
tion of the charter contract, or violate Article 1 of the Constitution of the
United States.

5. The proposition as well as the assent to a contract may be expressed or
implied. Art. 1811, C. C.

The enjoyment by defendant of the benefits conferred by Ordinance 7483 un-
equivocally manifested the intention to accept the terms of the ordinance.
C. C., Art. 1816.

Harry H. Hall for Defendant and Appellant:

I.

REMOVAL.

Where the legislative act of incorporation of a railroad company authorizes it to
lay its tracks into a city, an ordinance passed by that municipal corporation
imposing upon said railroad an onerous condition upon the exercise of its
charter right would, if enforced, impair the obligation of a contract, and be
violative of the Federal Constitution.

A charter authorizing the building of a railroad to a city named imports the
power to extend the road within the city limits. 45 Texas, 88.

5

City and Levee Board vs. Railroad Co.

Private charters are held to be contracts. Cooley Const. Limitations, 337.

Municipal ordinances have the force and effect of acts of the Legislature. Dillon Mun Corp. 1, p. 323; 96 U. S. 432.

If it appears that some title, right, privilege or immunity on which the recovery depends will be defeated by one construction of the Constitution or sustained by the opposite construction, the case will be one arising under the Constitution of the United States, and should be removed to the Federal Court. 118 U. S. 1123; 115 U. S. 257; 102 U. S. 141; 100 U. S. 264; 96 U. S. 433; Desty on Removal, p. 57; 3 Woods, 222.

II.

### SPECIFIC PERFORMANCE.

Ordinance 7483 imposes the obligation to build an embankment on Florida walk only in case of the construction of a railroad on that street.

Specific performance should never be granted unless the terms of the agreement sought to be enforced are clearly proved, or where it is left in doubt whether the party against whom relief is asked in fact made such an agreement. 128 U. S. 442; 2 Wh. 341; 14 Pet. 83; 11 Ves. 591; 14 Minn. 72; 1 Md. Ch. 116.

In order to obtain the specific performance of a contract, its terms should be so precise that neither party can reasonably misunderstand them.

The Code Napoleon does not contain any provision for the specific performance of any obligation, but leaves the party to a remedy solely of damages. Duranton, Vol. 10, p. 436.

Civil Code 1927 (1921), provides that specific performance can only be had where damages would be an inadequate compensation, and where the party has power of performing the contract.

In the case at bar damages would be adequate compensation to the city of New Orleans, for it could either do the work itself, and sue for the costs thereof as liquidated damages, or could, as has been the custom of the city from time immemorial, adjudicate the performance of the work, with subrogation to a contractor, and allow him to recover from the railroad.

The construction of works of magnitude will not be specifically enforced by the court, nor conducted under its supervision. Woods Ry. Law, 1171, Sec. 528; Green Brice on Ultra Vires. 468; 128 U. S. 438; Waite's Action and Defences, 5, p. 768; Morawitz on Corporations, 2 Par., 1134-5-6; see, also, 9 An. 514; 37 An. 589; 35 An. 1126.

The railroad company has not the power, under its charter, to perform this work.

III.

### UNCERTAINTY.

Ordinance 7483, if it imposes anything, imposes an obligation to continue an existing embankment. This suit can not be maintained if, instead of attempting to show the dimensions of the embankment, suit is brought to compel the excavation of a canal and the building of an embankment according to arbitrary measurement.

### ULTRA VIRES.

If this Ordinance 7483 could be construed as imposing the obligation upon the railroad to dig a canal and to build an embankment as something foreign to its purposes and uses and unconnected therewith, said ordinance would attempt to impose an obligation *ultra vires* and beyond the power of the railroad to perform. Every person who enters into a contract with a corporation is bound, at its peril, to take notice of the legal limits of its capacity. Woods Ry. Law, 472; 10 Gray, 582   11 Allen, 65; 21 How. 441.

A railroad has no implied power to build a canal basin. Woods Ry. Law, 429; 39 Pa. Stat. 337.

Nor to employ its funds in the improving the navigation of a stream. Woods Ry. Law, 479; 13 Beavor, 1; 28 An. 173; 63 N. Y. 62; 73 Ill. 23; 37 Wis. 655; 55 Ill. 413.

Nor to build a bridge or harbor. 24 L. J. 105.

A railroad company can not devote any part of its funds to an object not within the scope of its original construction. Woods Ry. Law, 483; Digest Corporations, 2, p. 715; 47 Md. 58.

There is no action against a railroad upon an agreement to advance money to construct a pier and harbor at the end of the proposed branch of the railroad. Woods Ry. Law, 484; 2 Macq. 391.

---

The opinion of the court was delivered by

McENERY, J. This is a suit under the provisions of Ordinance No. 7483 of the city of New Orleans, which embodies a contract between the city of New Orleans and the defendant, to compel the latter to a specific performance of certain obligations therein stipulated, relative to the building of an embankment or levee on Florida walk from the intersection of Peoples avenue to Fisherman's Canal, according to plans and specifications furnished by the city surveyor. The cost of the work is estimated at $50,000. The importance of the work can not be denied, and there is also a certainty that there are obligations to the city assumed by the defendant corporation, arising under said ordinance, relative to the continuation of the embankment along Florida walk to Fisherman's Canal, which the railroad has not carried out in good faith.

It has used for a railroad bed an important levee for economical reasons, and, in consideration thereof, it had agreed to continue the embankment along Florida walk to its intersection with the Fisherman's Canal. Its failure to perform its duty has resulted in this suit to compel a specific compliance with its agreement.

The injustice of measuring all rights and wrongs, which, as a remedy, is often inadequate, led to the establishment of the equity power in common law jurisdiction of decreeing a specific performance when the remedy at law has failed.

In the jurisprudence of this State, the law is expressed in Articles 1926, 1927, Civil Code. It is therefore only when no adequate compensation can be made in damages that courts in this State can decree a specific performance of a contract.

The decree can not be demanded as a matter of right. It rests

largely upon judicial discretion, not arbitrarily exercised, but according to the soundest principles of equity and justice.

Not only the question of the ability of the plaintiff to seek adequate compensation in damages, but the ability of the court to grant the relief must necessarily enter into the discretion which the court is bound to exercise in considering the remedy invoked.

The contract must be fixed and the liability of the defendant so certain that the duty imposed upon him by the court in ordering the execution of the contract can be readily ascertained and as readily enforced. Each case must depend upon the facts disclosed. Hennesy vs. Woolworth, 128 U. S. 438.

A strict adherence to this jurisprudence is rendered the more necessary, because of the summary remedy by mandamus allowed under Act 183 of 1888 in the enforcement of contracts entered into with the State, parochial and municipal authorities by corporations for building levees, bridges, culverts, etc.

There must be an element of certainty in the contract or the courts would be continually met with applications to enforce by mandamus, specifically, obligations arising merely by implication, and the duty, if these writs were indiscriminately granted, would be imposed upon the judiciary of supervising all such contracts in their execution.

And it would be bewildered with a multitude of accessory proceedings in the way of rules for contempt, and additional or supplemental writs.

The specifications for the construction of the levee are as follows:

Specifications for embankment from the intersection of Peoples avenue and Florida walk, along Florida walk to the " Fisherman's Canal."

Said embankment shall be built on such lines as the city engineer will give when called on for them. The excavation shall be from the river side of the embankment, and shall form a canal 30 feet wide on top, and 16 feet wide at the bottom, and 7 feet deep. That there shall be a beam, not less than 5 feet, between the canal and the embankment. The embankment shall have a net grade of at least 2 feet above the Metairie Ridge, as established by the city engineer, the slopes not steeper than one on two; the width of the crown shall be regulated by the amount of filling furnished by the canal.

It shall be surfaced and crowned so as to draw to either side, all substantially as per accompanying diagram.

The base shall be cleared of all trees and brush.

[Signed]        B. M. HARROD,
*City Engineer.*

In addition to the building of the levee the defendant corporation is required to make a canal of certain dimensions. The ordinance, in order to facilitate the extension or continuation of the embankment, authorized the defendant to take dirt from the canal. There is under the ordinance no obligation on the part of the defendant to dig a canal of any dimensions. Nor is there any obligation on the defendant to build a levee of any particular dimensions. If the duty of constructing a levee is imposed upon the defendant by the contract, there is some doubt whether a new levee is intended or a continuation of the levee, in size and dimensions, upon which the defendant corporation was allowed to place its tracks.

We are of the opinion that Act 133 of 1888 in no way changes the provisions of Articles 1926-1927 of the Civil Code, and that when there can be adequate compensation in damages, a decree of specific performance will not be granted.

The fact that the city is unable to advance money to build the levee is not sufficient to bring the demand within the exception provided by Article 1927, Civil Code.

It is evident from the facts in the case that the city can obtain adequate compensation in a suit for damages for the breach of the contract.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the plaintiff's demand be rejected, without prejudice to sue for damages for breach of contract.