<hr />

## No. 11,389.

### GEORGE B. RICE VS. MRS. MARY E. RICE.

The alleged promise of a mother to a son to lend him money is not supported by the consideration alleged to consist in the acknowledgment that he received certain advances from his father's succession, least of all, if the acknowledgment is charged by the son to have been untrue.

Under our law damages and not specific performance, at least in ordinary cases, is the relief for breach of a contract for the payment of money. C. C. Arts. 1927-1934; Story's Equity, Sec. 714.

APPEAL from the Civil District Court, Parish of Orleans. *Theard, J.*

*Dinkelspiel & Hart.* Attorneys for Plaintiff and Appellant:

The right to a specific performance of a contract rests in the option of the obligee. C. C. 1926, 1927.

An advantage stipulated for a third person is a sufficient consideration for a contract. 1 An. 280; C. C. of 1884; C. P. 35.

*Henry P. Dart* Attorney for Defendant and Appellee:

An action does not lie to enforce a specific performance of an agreement to lend money, or to make a gift.

An objection may be made to evidence that it is inadmissible, because it could not afford the relief asked if admitted, and if proving to its full extent the plaintiff's allegations.

The opinion of the court was delivered by

MILLER, J. This is an appeal by plaintiff from the judgment of the lower court dismissing the suit against the defendant, his mother.

The basis for the demand is supposed to be furnished by a paper executed by the plaintiff before a notary, acknowledging the receipt by plaintiff of three thousand five hundred dollars from the succession of his father, and the promise of the defendant, in consideration of that paper, to lend plaintiff twenty-five hundred dollars for two years without interest. The cause of action is, however, amplified by the allegations in the petition, that plaintiff's claim against his father's succession was disputed by the mother and his co-heirs; that to settle the dispute he was induced to acknowledge he had received three thousand five hundred dollars, when, in fact, but one thousand dollars had been received by him from the succession, and that he was "enticed" to make the false acknowledgment by the promise of his mother to lend him twenty-five hundred dollars. The relief demanded is a judgment against defendant for the amount

stipulated to be paid in the asserted contract, or the annulling of the entire acknowledgment. The defendant filed, among others, the exception of no cause of action. The appeal is by plaintiff from the lower court sustaining the exception.

The brief for plaintiff treats the suit as one for specific performance. The relief usually accorded for the breach of contract is damages. Specific performance is decreed only in exceptional cases. It is difficult to conceive of any injury arising from the breach of a contract to pay or lend money that can not be repaired by damages. Our code declares, when the object of the contract is anything but the payment of money the damages are the loss sustained, or profits of which the party has been deprived; and as to money obligations damages for delay in performance, are limited to interest. Again, the Code declares in ordinary cases the breach of the contract to do, entitles the party aggrieved only to damages, but where this would be inadequate compensation specific performance will be constrained, if performance is in the power of the party who has contracted the obligation. We think that if plaintiff had any cause of action he has no basis to demand specific performance of his supposed contract. C. C., Arts. 1934, 1935, 1927; 1 Story's Equity, p. 714, as to specific performance.

But beyond the question as to the relief to be awarded for the breach of the contract of loan, there is, in our opinion, no contract in this case. The supposed consideration is the plaintiff's acknowledgment of the advances made him by his father. That acknowledgment is manifestly, no basis whatever to support the asserted promise of his mother to lend him twenty-five hundred dollars. If there was any benefit or advantage of any kind accruing from that acknowledgment, that benefit or advantage was not derived by the mother. It might be his co-heirs could avail of the acknowledgment, but not his mother, whom he sues. If, as the plaintiff states in his petition, the acknowledgment is untrue, it is not easy to perceive it would serve any purpose. Our conclusion is there is no cause of action stated in plaintiff's petition, either in respect to the asserted contract or the demand for a decree annulling his acknowledgment. Civil Code, Arts. 1779, 1893.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.