O’NIELL, C. J.
 

 The plaintiff has appealed from a judgment dismissing her suit on an exception of no cause of action.
 

 The suit is to compel the defendant to carry out an alleged written agreement to lend plaintiff $3,000. She avers that the amount was to be “payable in weekly or monthly installments covering a period of ten or more years,” and that the payments were to be secured by a mortgage and vendor’s lien on a tract of land belonging to her and described in her petition, and “with a pledge of the shares of the capital stock that the said association would issue to petitioner.” She avers that the association, therefore, agreed to buy the property for $3,000, and to pay the amount in cash, and immediately to resell the property to her for the same price, “on terms of credit, payable in weekly or monthly installments covering a period of ten or more years.” She avers that the association’s agreement to make the loan was made on condition that her title to the property “was clear, valid and legal, and free from any cloud, flaw, or defect that would affect the validity of said title.” She avers that, after the attorney for the association had examined the title, the association rejected it, as security for the loan, on the ground that two of the deeds in her chain of title contained a perpetual reservation of a part of the land for a cemetery, for the use of the family and friends of the former owners of the property. She admits, in her petition, that, in the deeds referred to, there was a clause purporting to reserve perpetually as a graveyard or cemetery, for the use of the family and friends of the former owners of the property, a part of the land, described as the part inclosed by a fence; but she avers that the attempted reservation was null, for want of a sufficient description of the land attempted to be reserved, and she avers, in the alternative, that, if the attempted reservation was originally valid, it was merely an establishment of a servitude, and was extinguished by limitation, or the prescription of ten years, for non-use. She avers that the refusal of the association to accept the title as security for the promised loan was a slander of her title and caused her damages in the sum of $2,140.
 
 *550
 
 The prayer of her petition is for a judgment ordering the association to buy her property for $3,000, and to pay the price in cash, and immediately to resell the property to her for $3,000, “payable in monthly installments, covering the principal and interest, of thirty dollars per month.” She prays, in the alternative, for a judgment against the association for $2,146 damages, with legal interest from judicial demand. Her attorney admits, however, in his argument, that, as there was no publication of the alleged slander of title, there is no liability for damages.
 

 The prayer of the petition, for a loan payable in installments of $30 per month, is not exactly in accord with the allegations of the petition in that respect; but the discrepancy is a matter 'of little or no importance in comparison with the question whether the court could enforce any such decree as the plaintiff prays for. She did not annex to her petition the alleged written agreement; and her allegations themselves are uncertain and do not disclose the details of the alleged agreement. Aside from that complaint, an'd assuming for the sake of argument that the homestead association was not justified in regarding the cemetery reservation as a defect in the plaintiff’s title, we agree with the district court that she has no cause of action for specific performance of the alleged agreement. The agreement, if there was one, was not merely an agreement on the part of the association to buy the plaintiff’s property for $3,000 cash, and then to sell it to her for $3,000 on terms of credit. The agreement, if there was one, was to make a loan of $3,000 to the plaintiff, secured by a mortgage and vendor’s lien on her property and by a pledge of such capital stock of the association as the association would, according to its by-laws and manner of doing business, issue to her. It would he impossible for a court of justice to enforce the execution of a judgment ordering the defendant to carry out the details involved in or incident to a transaction of that kind. The violation of an agreement to pay or to lend a certain sum of money does not give a right of action for specific performance. McGaw v. O’Beirne, 126 La. 584, 52 So. 775. The action for specific performance of a contract is never allowed in a ease where the court could not enforce such a decree. Walshe v. Endom, 124 La. 697, 50 So. 656 ; Pratt v. McCoy, 128 La. 570, 54 So. 1012. A written agreement to buy or sell real estate gives to either party the right of action for specific performance, under article 2462 of the Civil Code, if the agreement contains a description of the property and specifies the price and terms of sale, because, in such a case, the court’s decree may be so worded as to. constitute a transfer of title and a judgment for the price. But this is not such a ease.
 

 The judgment is affirmed.