No. 718

First Circuit

———

BLACKSHEAR ET AL. v. SANDIFER

———

(January 26, 1931. Opinion and Decree.)

———

Coleman D. Reed, of Oakdale, attorney for plaintiffs, appellants.

T. Arthur Edwards, of Lake Charles, attorney for defendant, appellee.

ELLIOTT, J. Joseph U. Blackshear, David P. Blackshear, and Roy S. Blackshear brought suit against James F. Sandifer to compel the specific performance of a written agreement entered into between them with reference to the sale of 15 shares of the capital stock of the West Bay Trading Company, Inc. The petition alleges that the stock in question belongs to the plaintiffs and is the only outstanding stock, the balance already belonging to said Sandifer; and that the transfer will make him the owner of all the stock. They allege failure and refusal on his part to carry out the written agreement, and that they have no adequate remedy at law. A copy of the agreement is annexed to and made part of their petition.

Sandifer appeared and excepted to the petition on the ground that it did not disclose a right or cause of action.

The district judge, assigning written reasons, sustained the exception and dismissed the suit.

The plaintiffs prayed for a rehearing. This was refused, and they then appealed.

The agreement in question, bearing date April 24, 1930, reads as follows:

"For and in consideration of $1,500.00 J. F. Sandifer does hereby agree to purchase all outstanding stock of West Bay Trading Co., Inc. Said outstanding stock does amount to $1,500.00 which the said Sandifer agrees to pay for at the rate of $75.00 per month, unless otherwise agreed upon.

"For and in consideration of the above said Sandifer does agree that he is and does become the sole owner of the corporation known as West Bay Trading Co., Inc. becoming the owner of the assets and assuming all outstanding debts, not to exceed $500.00. Said note to be secured by a mortgage on the store building occupied by West Bay Trading Co., Inc., and all property owned by him adjacent thereto.

"J. U. Blackshear, as President, does agree to transfer all of the outstanding stock to J. F. Sandifer.

"[Signed] J. F. Blackshear,
"Joseph U. Blackshear."

The district judge, citing Civil Code, arts. 1926 and 1927, and decisions of the Supreme Court, and giving further reasons, held that the plaintiffs had an adequate remedy at law in action for damages against the defendant, if he was at fault in not carrying out the contract.

The contract provides that the defendant is to pay $1,500 for this stock, at the rate of $75 per month, unless otherwise agreed upon.

The petition does not allege that the written agreement contains error or that any part of the agreement was accidentally left out. The prayer is that it be specifically enforced.

The petition, however, avers matters not contained in the agreement. For instance, it is alleged that the $1,500 was to be represented by a promissory note payable in monthly installments of $75 each; said note stipulating 6 per cent per annum interest from date until paid, and an obligation to pay 10 per cent attorney's fees if placed in the hands of an attorney for collection. And that the following, in addition to property referred to in the contract, was to be mortgaged to secure same, to-wit: Delco lighting system; Ford automobile truck; pair of scales; iron safe. To do all that would be to enlarge the agreement, the specific performance of which is prayed for.

The only reference which the agreement makes to notes is that in which it says: "Said notes to be secured," etc. But the number is not stated, and the stipulation that the $1,500 is to be paid at the rate of $75 per month is subject to the provision, "Unless otherwise agreed upon." The petition does not allude to this stipulation, so it may be that some other arrangement was entered into.

The agreement is that Sandifer is to assume all outstanding debts, not to exceed $500. The petition does not allude to this matter, and it may be that the debts exceed $500; if so, some other arrangement is necessary.

The above matters are mentioned only for the purpose of showing the reason why a specific performance of a contract cannot be demanded, except in cases where it is plain that it can be done and is not

granted, when an action in damages would be an adequate remedy. Civil Code, arts. 1926, 1927; State ex rel. City of New Orleans v. New Orleans & C. R. Co., 37 La. Ann. 589; City of New Orleans v. New Orleans & N. W. R. Co., 44 La. Ann. 64, 10 So. 401; Rice v. Rice, 46 La. Ann. 711, 15 So. 538; and Solomon v. Diefenthal, 46 La. Ann. 897, 15 So. 183; Pratt v. McCoy, 128 La. 570, 54 So. 1012, etc. See, also, Code Prac. art. 630 et seq. and article 1058.

The agreement on its face shows that a specific performance may not be practicable, and the rule is that the courts in this state exercise a large discretion in the matter of ordering a specific performance. The authorities cited by plaintiffs, Levine v. Michel, 35 La. Ann. 1127; City of New Orleans v. R. R. Co., 44 La. Ann. 64, 10 So. 401; Pratt v. McCoy, 128 La. 570, 54 So. 1012, do not require the relief prayed for in this case. We agree with the lower court that no reason appears from the record why an action in damages on the part of the plaintiffs will not afford them adequate compensation, if any damages they are entitled to against the defendant. It is a case in which the judgment appealed from should not be interfered with.

The judgment appealed from is in our opinion correct.

Judgment affirmed, without prejudice to plaintiffs' right to bring action in damages against the defendant, if they desire to do so.

Plaintiffs and appellants to pay the cost in both courts.