Plaintiff, Levin's Auction Exchange, is a commercial copartnership engaged in the business of buying and selling new and secondhand furniture at retail and wholesale in the city of New Orleans. Defendant, Charles Samuels, owns and operates a mattress making and repair establishment in New Orleans and does business under the name of "Dreamland Mattress Works". During the month of July 1943 and on various dates thereafter, plaintiff sent to defendant certain materials, consisting of old mattresses, pads, etc., with instructions either to make said mattresses over or to recondition them, it being understood that defendant, after his work was completed, would deliver to plaintiff ten innerspring mattresses, twelve double cotton mattresses, eight pads and ten single mattresses. Defendant subsequently defaulted on the contract and, after repeated unavailing demands were made upon him to comply with his obligation, plaintiff brought the instant suit in the First City Court in which it seeks a specific performance of the contract or, in the alternative, damages in the sum of $214, representing the profits which plaintiff lost by reason of the breach.
Plaintiff alleged that the retail sale price of the mattresses and pads which defendant was required to deliver to it was $395.50; that defendant would have been entitled to receive for his services the sum of $181.50 and that therefore it would have made a profit of $214 on the transaction. It further alleges that defendant is entitled to a credit of $21.56 for balance due on *Page 341 
merchandise delivered to it and not paid for, thus making a net balance due plaintiff of $192.44.
For answer to plaintiff's petition, defendant charged that there never was a definite contract obligating him to renovate all of the mattresses delivered to him; that it was his understanding that he would repair and renovate the mattresses only in case he could find time to do so and that approximately twelve of the mattresses delivered to him were so old that they could not be renovated. In addition, defendant specially pleaded the prescription of one year to plaintiff's demand.
After a trial in the court below, there was judgment ordering defendant to deliver and return to plaintiff the property described in the petition and, in default thereof, that there be judgment in favor of plaintiff in the sum of $135 subject to a credit of $21.56. Defendant has appealed and plaintiff has answered, seeking an increase in the judgment for damages to the amount prayed for in its petition.
[1] In this court, defendant relies principally on his plea of prescription as a ground for reversal of the judgment below. The plea is based on the theory that this is an action for damages, ex delicto, and therefore subject to the prescription of one year. Counsel asserts that, even though the claim for damages arises out of a breach of contract, the one year prescription nevertheless applies because, according to the allegations of plaintiff's petition, defendant obviously committed a tort when he refused to return the mattresses to plaintiff after repeated demands.
We see no substance whatever in the contention. The suit is primarily an action for specific performance of a contract and, in the alternative, for damages for the breach thereof. Hence, it is governed by the prescription of ten years under Article3544 of the Civil Code and does not come within the class of actions prescribed by one year under Articles 3534 and 3536, relating to torts and other matters. See P. Olivier Sons v. Board of Com'rs, 181 La. 802, 160 So. 419.
[2, 3] However, it is plain that the judge of the lower court erred in ordering a specific performance of the contract. Specific performance is an extraordinary remedy which can be resorted to only in cases where an award in damages for breach of contract does not provide adequate compensation. See Article1927 of the Civil Code. Thus, in the instant case, since plaintiff alleges that it employed the services of defendant to renovate the mattresses for the purpose of selling them, the damage it has sustained by reason of defendant's failure to perform is easily ascertainable and an award in its favor for the amount of that damage will fully compensate it for the breach. It follows that the judgment must be amended to the extent of disallowing plaintiff's claim for a specific performance of the contract.
[4, 5] The only other question presented for consideration is whether plaintiff has proved that its loss amounted to $214 instead of $135, which was allowed in the court below. The uncontradicted evidence of two experts, Gus Levy and Albert Fabacher, is that $395.50 was a fair retail price for the mattresses which should have been delivered by defendant. Plaintiff asserts that, if defendant had performed, he would have been entitled to $181.50 for his services and there seems to be no serious contradiction of the evidence produced by it on this score. Hence, plaintiff's profit would have been the difference between $395.50 and $181.50, or $214, which is the amount sued for.
The general rule in sales contracts respecting the measure of damages to which a buyer is entitled for the seller's breach in failing to deliver the goods is the difference between the contract price and the market value. See Lady Esther Lingerie Corporation v. Goldstein, La. App., 21 So.2d 398. This, however, is not a sales contract but rather one for the performance of repair and renovating work to articles of personal property in order to render them fit for sale at retail. Under such a contract, the measure of damages under Article 1934 of the Civil Code is the profit of which the creditor has been deprived by reason of the breach. Hence, since the evidence in the case reveals that plaintiff would have made a profit of $214 on the sale of the renovated mattresses but for defendant's default *Page 342 
on his obligation, the judgment of the lower court will be increased from $135 to that amount.
For the reasons assigned, the judgment appealed from is amended so as to read as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of Levin's Auction Exchange and against Charles Samuels for the full sum of $214, subject to a credit of $21.56.
As thus amended, the judgment appealed from is affirmed at the cost of defendant.
Amended and affirmed.