**BIG STATE BARGING COMPANY,**
Plaintiff,

v.

**J. W. CALMES, d/b/a Calmes Engineering Company, Defendant.**
Civ. A. No. 5660.

United States District Court
E. D. Louisiana, New Orleans Division.
March 2, 1956.

———◆———

Terriberry, Young, Rault & Carroll, Walter Carroll, Benjamin W. Yancey, Joseph M. Rault, Jr., New Orleans, La., for plaintiff.

Herman & Herman, A. I. Kleinfeldt, New Orleans, La., for defendant.

WRIGHT, District Judge.

This matter is before the court on motion for temporary injunction. The case arises out of a contract between the parties in which the defendant, for a sum stated which the plaintiff agreed to pay, obligated himself to build for plaintiff one steel tugboat. The contract price was $95,000, including a down payment of $20,000

which the plaintiff promptly made. At the present time, the vessel is still under construction, but the hull thereof, with certain attachments thereto, is actually in being. Since the contract was entered into in Louisiana to build a vessel in that state, Louisiana, not general maritime, law applies.[1] Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Thames Towboat Co. v. The "Francis McDonald," 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245; People's Ferry Co. of Boston v. Beers, 20 How. 393, 61 U.S. 393, 15 L.Ed. 961. Where, as here, the case is one of first impression in that state, a federal court will nevertheless attempt to reach the same result as the courts of the state would have reached had the matter been there presented. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Cooper v. American Airlines, Inc., 2 Cir., 149 F.2d 355, 162 A.L.R. 318.

Plaintiff alleges that because of the appreciation in the value of steel tugboats, the defendant, instead of completing the vessel for plaintiff, is negotiating for the sale thereof to third parties. Plaintiff alleges that if defendant is allowed so to do, it will suffer irreparable injury in that it will be difficult, if not impossible, because of its financial position as well as for other reasons, to contract to buy or to build a similar vessel. The evidence also shows that plaintiff has furnished the defendant with certain equipment to be placed, or actually placed, on board the vessel, that disposition of the vessel otherwise than to the plaintiff would deprive plaintiff of that property, to its irreparable injury.

The defendant, addressing himself only to the application for a temporary injunction, argues that a contract for the construction of the vessel cannot be the basis for a suit for specific performance. Citing authorities,[2] he asserts that to grant specific performance would require the court to supervise the construction of the vessel in suit, a function for which this court is ill prepared and unsuited, and a function which courts of equity have traditionally eschewed.

■ The defendant is right. A court of equity, generally speaking, will not grant specific performance to enforce a contract when so to do would engage the court in the construction business. 5 Corbin, Contracts, § 1172. At the same time, however, where an executory contract is partially completed, a court of equity may, if equitable considerations permit, require that the part so completed be delivered to the plaintiff, relegating the plaintiff to an action for damages only as to the incompleted part. 5 Corbin, Contracts, § 1160; Restatement, Contracts, § 365.[3]

■ On the basis of the allegations in the pleadings and the affidavits submitted in support thereof, it may well be that the equitable conditions in this case, when demonstrated in a trial on the merits, will permit this court to restrain the defendant from disposing of the unfinished hull of the vessel in suit to third parties and to require him to deliver that hull to the plaintiff, in order that

1. Jurisdiction herein is predicated on diversity and amount in controversy. 28 U.S.C. § 1332.

2. Fite v. Miller, 192 La. 229, 187 So. 650, 122 A.L.R. 446; Kenner v. Slidell Savings & Homestead Ass'n, 170 La. 547, 128 So. 475; Snyder v. Wilder, 146 La. 811, 84 So. 104; New Orleans Polo Club v. New Orleans Jockey Club, 128 La. 1044, 55 So. 668; City of New Orleans v. New Orleans & N. E. R. Co., 44 La.Ann. 64, 10 So. 401; Levin's Auction Exchange v. Samuels, La.App., 28 So.2d 340; Branch v. Acme Homestead Ass'n, La.App., 169 So. 129; Blackshear v. Sandifer, 15 La.App. 423, 132 So. 282; Youngblood v. Daily and Weekly Signal Tribune, 15 La.App. 379, 131 So. 604.

3. Although there is no case in the jurisprudence of Louisiana courts directly in point, in Longino v. Webb Press Co., 132 La. 25, 60 So. 707, the Supreme Court of that state did recognize the principle that where only a part of a contract is susceptible of specific performance, a court of equity will enforce that part.

the plaintiff itself may undertake the completion thereof. To preserve the status quo so that that relief may be accorded plaintiff, if indeed the trial on the merits indicates it is entitled thereto, a preliminary injunction will be issued restraining the defendant from disposing of the hull in question, pending termination of this litigation, without in any way requiring him to complete, or to desist from completing the vessel in the interim.

Where the probability of irreparable injury is shown, the amount of evidence sufficient to sustain a temporary injunction is not great. If it appears that "the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be inconsiderable, * * * the injunction usually will be granted." Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972.

Decree accordingly.