laGOTHARD, Judge.
On September 26,1988, Julio Ortiz and his wife Eloisa Guichard Ortiz consulted with insurance agent Gerald Power of the independent insurance agency, J. Power & Associates. The Ortizs, through Mr. Power, purchased disability insurance policy number 6-295-876464 from Provident Life and Accident Insurance Company of Chattanooga, Tennessee, (hereinafter “Provident”).
In 1989, Mr. Ortiz made a claim against the policy alleging that he had suffered a heart attack and his doctor had told him he could no longer work. Upon reviewing the claim, Provident discovered that although disability insurance had been issued based upon a $40,000 a year annual income reputedly earned by Mr. Ortiz, his 1986 tax return indicated a gross annual income of $9,255 and his 1987 tax return indicated a gross income of $3,417.
laBy letter dated October 17, 1989, Provident informed Mr. Ortiz that based on the tax information now received, their Underwriting Department had concluded that had the correct income information been before them previously, Provident would not have issued a policy to Mr. Ortiz. Provident rescinded the policy and issued Mr. Ortiz draft number 65386 in the amount of $3,700.00, the full amount of all premiums paid by Mr. Ortiz.
On July 30, 1990, the Ortizs filed suit against Gerald Power and Provident. The case proceeded to trial on the merits. At the *133 close of plaintiffs’ case, defendants moved for involuntary dismissal on the grounds that plaintiff had failed to carry his burden of proof.
The trial court granted the motions for involuntary dismissal and suit was dismissed against all defendants. Plaintiff appeals.
On appeal plaintiff argues that the trial court erred in granting defendants’ motions for involuntary dismissal on the grounds that plaintiff had failed to carry his burden of proof by failing to prove disability-
FACTS
Disability insurance is purchased as a future income replacement in ease of disability. The policy amount is based upon the income of the insured at the time of the purchase. Mr. Ortiz does not speak English, so all transactions were handled by Mrs. Ortiz, who acted as translator on her husband’s behalf. Testimony differs as to what happened during the purchase negotiations. Gerald Power testified that Mrs. Ortiz told him that her husband’s income was $44,000, $43,000 and $39,000 for the years in question, that she produced no tax returns and that she came up with those figures off of the top of her head. Mrs. Ortiz testified that she told Gerald Power that Mr. Ortiz earned $150.00 per week and that she worked and earned $150.00 a Uweek and that the agent did the math and wrote down the incorrect numbers. At the time of purchase, Mr. Ortiz owned and operated “A-l Appliances,” an appliance repair and resale business.
DISCUSSION
The prayer in plaintiffs petition prays for “specific performance of [the] disability policy and payment of benefits of $2,000.00 per month beginning from the date he became totally disabled ... alternatively, ... $120,-000.00, plus court costs, attorneys’ fees and general damages ... for breach of contract.”
The plaintiff did not put on a single iota of medical testimony. The only evidence of medical disability was an oral statement by Mr. Ortiz “I had heart problems ... the doctor was the one who said that I would not be able to do any heavy work because of deficiencies in my heart.” Defendants objected on the grounds of hearsay and the court struck Mr. Ortiz’s statement. Plaintiff did not attempt to proffer or in any other way reserve an objection to that evidentiary ruling for appeal. The doctor’s name is never given, much less a medical report or live testimony from the doctor.
On appeal, plaintiff argues that he is not required to provide proof of medical disability because he is suing for specific performance of the contract of the disability policy.
In the past it has been hornbook law that specific performance was not allowable as a remedy where the injury is compensable in money damages. See: Brown v. Lancaster, 51 So.2d 617, 218 La. 1036 (La.1951); Levin’s Auction Exchange v. Samuels, 28 So.2d 340 (La.App.Orl.1946); Pogo Producing Co. v. Sea Robin Pipeline Co., 493 So.2d 909 (La.App. 3 Cir.1986), writ denied 497 So.2d 310 (La.); Gold & Suckle, Inc. v. Suckle, 335 So.2d 713 (La.App. 2 Cir.1976), cert. denied 338 So.2d 700 (La.). However, Civil Code Article 1986 now provides for both specific performance and delay damages “if the obli-gee so demands.” This court need not address that issue now, however, because by the very language contained in the prayer the “specific performance” requested by the plaintiff asks for “payment of benefits of $2,000.00 per month.” Thus the specific performance requested by plaintiff is in fact the money payable under the disability insurance policy. In order to be entitled to the disability benefits, plaintiff must show that he is disabled. He did not present any evidence on this point.
The plaintiff also argues that the specific performance that he seeks is not payment of the disability benefits, but rather he seeks to compel the defendants to order Mr. Ortiz to undergo a medical exam by defendants’ doctors. Plaintiff is confusing the provisions of the disability policy with the elements of proof of the lawsuit. Plaintiff has the trial burden of proving disability whether or not the defendants choose to require Mr.' Ortiz to undergo a separate and distinct medical exam for their own claims procedures.
It was plaintiffs burden to prove disability, which he did not even attempt. Thus, plain *134 tiff did not carry his burden of proof and the trial judge correctly dismissed this action.
The judgment of the district court is affirmed. Costs of this appeal are cast against plaintiff.
AFFIRMED.