## No. 12,344.

### J. P. MIRANDONA vs. NICHOLAS BURG.

The specific performance of a contract will not be ordered when compensation can be made in damages. Nor will it be decreed when the contract requires the doing of an act solely within the volition of the obligor, such as the signing of a lease, or the appointing of an arbitrator, or the exercising of the option to purchase property.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*Dinkelspiel & Hart* and *F. B. Thomas* for Plaintiff, Appellee.

---

*W. S. Benedict* for Defendant, Appellant.

Argued and submitted February 18, 1897.
Opinion handed down March 1, 1897.
Rehearing refused April 12, 1897.

The opinion of the court was delivered by

McENERY, J. The plaintiff and defendant entered into the following agreement:

"NEW ORLEANS, January 13, 1896.

"I hereby agree to sell Mr. J. P. Mirandona stock in grocery occupied by me at present, corner Claiborne and St. Anthony, at market value to be appraised by two appraisers, one to be selected by Mr. Mirandona and one by myself. Mr. Mirandona to deposit one hundred ($100) dollars to bind sale. Place to be leased at sixty dollars per month; lease to extend for five years, with a privilege of a further lease of five years at same terms, and privilege to buy said property at any time during the lease at appraised value.

"(Signed)                                    N. BURG."

The plaintiff demands a specific performance of the same. In the lower court there was judgment decreeing a specific performance.

Article 1926, Civil Code, provides that the obligee is entitled either to damages or, in cases which permit it, to a specific performance of a contract to do or not to do.

Article 1927, C. C., says: Ordinarily the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, where the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts.

Article 1928, C. C., provides that anything which has been done in violation of a contract may be undone if the nature of the case will permit and things be restored to the situation in which they were before the act complained of was done, and the court may order this to be effected by its officers, or authorize the injured party to do it himself.

By reference to Sec. 11, Code Practice Art. 630 *et seq:* "Of the execution of judgments," it will be seen that the obligation entered into by the parties is not of that kind that can be enforced in the way of a decree of specific performance.

42

The sheriff would not be able to deliver the specific object, the delivery of which was ordered.

The parties to the agreement have to select each an appraiser, and from the appraisement the price of the thing has to be fixed. Besides there is to be a lease contract entered into with the privilege of buying the leased premises.

There is in the decree appealed from that intrenching upon the personality of the obligor that is repellant to our system of jurisprudence.

In case of Laroussini vs. Werlein, 48 An. 13, we said: "The principle is appealing that in the matter of the discharge of obligations by the debtor personally, he can not be compelled to act against his will; that his liberty must be respected."

In all its phases this case comes directly under the rulings of the case referred to. We can not compel the defendant to appoint an appraiser, nor can we compel an acceptance of the price and ascertain the market value of the stock from such appraisement. The appraisers may not agree and we can not appoint an arbiter. We can not compel the signing of the rent notes, nor can we compel the enforcement of the option to purchase the property leased.

The case is one for damages, for the inexecution of an obligation. No decree of specific performance could be equivalent to the doing of the act required to be performed.

The judgment appealed from is annulled, avoided and reversed, and it is now ordered that plaintiff's suit be dismissed without prejudice to further judicial proceedings in asserting what rights he may have under the contract.