MONROE, J.
Plaintiff has appealed from a judgment maintaining an exception of “no cause of action” and dismissing his suit.
The action is for specific performance of a building contract, and the petition alleges that plaintiff entered into a written contract with defendant looking to the erection of a house; that the contract contained the following provision (which for convenience of reference we designate “clause A”):
“In case of dispute [between] the parties hereof [hereto] in connection with this contract, the matter in dispute shall be referred to three disinterested arbitrators, one of whom shall be appointed by each of the parties to this contract and the third by the two thus chosen. The decision of any two of them shall be final and binding upon the parties to this contract, and each of said parties- shall pay one-half of the costs of such arbitration.”
It further alleges that petitioner would not have entered into the contract unless said provision had been included therein; that during the performance of the work, and since the alleged completion of the building, “there have arisen various * * * causes of complaint by your petitioner with the character of the work furnished by the said contractor, and that, the justice of said causes of complaint having at times been questioned by the contractor aforesaid, there have, in consequence, arisen * * * matters in dispute, within the meaning * * * of the contract. * * * ” And petitioner refers to a certain Exhibit A as setting forth in detail said matters.
It is further alleged that petitioner advised defendant of his desire to have certain matters then pending submitted to arbitration, and designated his arbitrator, which designation was subsequently confirmed by a letter, which is annexed; that the clause providing for arbitration, though not containing the words “amicable compounders,” contemplates that the three parties referred to shall have the authority of amicable compounders; that plaintiff’s arbitrator is willing to accept the appointment, and that plaintiff is willing to- pay half, the costs of arbitration; that the drawing of the plans and specifications for the building and the superintendence of its construction was left entirely to defendant; and mat petitioner has paid in advance all that could be called for under the contract. Wherefore petitioner prays for judgment directing defendant forthwith “to appoint one disinterested party to consider the matter in dispute, * * * the disinterested party * * * to confer with the disinterested party designated by plaintiff * - * * in reference to the choice of a third disinterested party to complete the constitution of the tribunal contemplated by the contract declared upon; that the said disinterested parties be vested with the dignity, power, and authority of amicable compounders; and that the findings arrived at by said board have the dignity, authority, and power of the finding of amicable compounders; or, in the alternative, should defendant fail to make said designation within 10 days from the rendi *533 tion of a final judgment in the premises by this honorable' court, that the disinterested party, contemplated- by the contract to be appointed by the Metropolitan Building Company, be appointed by this honorable court,1' and that in all other particulars a judgment may be rendered as herein primarily prayed for,” etc. The contract (which is made part of the petition) contains also the following clauses, which, for convenience of reference, we designate “B” and “C,” to wit:
(B) “Contractor agrees that, should >owner object to any portion of the work being performed under this contract, he shall at once give contractor notice in writing, setting forth such complaint. Whereupon, contractor shall proceed to remedy same, but contractor shall have the right to appeal to arbitration as herein provided. * * * ”
(C) “It is agreed by the parties to this contract that the occupancy of the building by the owner, or tenant under him, admits by the owner the completion of the building and acceptance by him.”
The schedule A (also made part of the petition) discloses the fact -that the building had been delivered to plaintiff at some time prior to the institution of the suit, the twenty-fifth item therein reading;
“Building delivered 27 days late, and no cred. it allowed for demurrage contemplated by contract, $17.50 per day.”
There is no allegation in the petition that plaintiff has ever availed himself of, or complied with, clause B of the contract, by making a demand in writing that the contractor should remedy the errors of omission or commission of which he found reason to complain, and it appears to us that, according to the terms of that clause, the contractor was entitled to the opportunity which such a demand would have afforded, and that, not having been given that opportunity, it cannot now be forced into an arbitration, under clause A, with regard to matters which may never have been called to its attention. In so saying, however, we do not wish to be understood as holding that plaintiff’s apparent failure to act under clause B precludes him from recovering such damages as he may have sustained by reason of any possible failure on the part of defendant to comply with its contract. There may have been some reason, not disclosed by the petition now under consideration, for plaintiff’s apparent inaction, and his right to recover damages is not here presented for decision. Considering the petition in another aspect, we are of the opinion that the case presented by it falls within the meaning of so much of Civ. Code, art. 1927, as reads:
“In ordinary cases, the breach of such a contract [to do or not to do] entitles the party aggrieved only to damages”—
since we are unable to discover why plaintiff, if he has sustained any legal injury or loss through the default of defendant, should not be able to obtain adequate compensation in the manner thus indicated, and the remedy here sought, upon the other hand, is impracticable. Levine et al. v. Michel, 35 La. Ann. 1125; City and Levee Board v. Railroad Co., 44 La. Ann. 64, 10 South. 401; State ex rel. City v. Railroad Co., 44 La. Ann. 1026, 11 South. 709; Rice v. Rice, 46 La. Ann. 711, 15 South. 538; Mirandona v. Burg, 49 La. Ann. 656, 21 South. 723; Caperton & Dreyfous v. Forrey & Trammell et al., 49 La. Ann. 872, 21 South. 600.
In the cited case of Mirandona v. Burg, it was said:
“We cannot compel the defendant to appoint an arbitrator.”
In the instant case we are asked to order the defendant to appoint a “disinterested party to consider the matter in dispute, * * * the disinterested party * * * to confer with the disinterested party designated by plaintiff * * * in reference to the choice of a third disinterested party,” etc., all of which implies that the court is to follow up its judgment, and see that defendant appoints a party who is “disinterested,” and that the party so to be appointed confers with *535 another "disinterested” pa,rty, and join with him in the selection of a third “disinterested” party, etc., an engagement which the court cannot undertake.
The judgment appealed from is accordingly affirmed.