BREAUX, C. J.
Motion to dismiss disposed of in a few words.
The ground is want of jurisdiction ratione materiae.
The facts are contrary to that which is al'leged by defendant.
The jurisdictional allegation shows that the amount involved is within the jurisdiction of this court. There is no testimony •showing that the jurisdictional allegation is untrue. Motion overruled.
On the Merits.
This is a suit of the New Orleans Polo , 'Club against the New Orleans Jockey Club, in which the former seeks to compel the defendant to specifically perform the asserted ■obligation in a contract entered into between plaintiff and defendant.
The Jockey Club agreed with plaintiff to construct a polo field in the inner field of its race track.
The field which the defendant promised to improve and make suitable for playing equestrian polo consists of about 900 feet in length by 450 feet in width, with boards on ■each side of the area, but not at either end. There was no difficulty in finding a sufficient area for these grounds in the inner field of the track.
It is said by the plaintiffs that the purpose ■of the defendants was to interest them in the Jockey Club, and thereby add to the popularity of that club.
The members of the Polo Club are well known. They have social as well as financial influence, and it was said that by joining the Jockey dub, which was one of the conditions of the contract (which will be spe■cially referred to hereafter), it would assist the defendant in selling shares, a matter of importance at the time, as the defendant was organizing and seeking to place its enterprise on a substantial foundation.
After the contract had been entered into between plaintiff and defendant, we are informed by the testimony that stumps were removed from the field, the holes were filled up, the field was plowed and harrowed, sewer pipes laid, and grass planted in order to turf the ground. One of the purposes of the defendant was to beautify the place for use by the Polo Club.
In this it seems that it met with disappointment.
The president of the Jockey Club, thinking that he had done everything that was necessary under the terms of the contract, notified the Polo Club that the field was in condition for the usual exercises of the club.
By that time the members of the Polo Club had become displeased about something, and did not think that the place was in condition for use, and they assumed a “hostile” attitude toward the defendant, to use the word used by the president of defendant club as a witness.
The grounds having been turfed, leveled, drained, and equipped, the defendants thought that they had complied with all that was requisite.
The terms of the contract provide that the defendant was to “drain, turf, level, and equip” the inner field for the use of the Polo Club, to be delivered within 18 months from the date of the contract.
Just before the eighteenth month had expired, the defendants found that it would be impossible for them to deliver the field in proper condition within the 18 months. They proposed to the plaintiffs to pay their expenses during the 18 months, amounting in all to $300, provided the plaintiffs agreed to grant them another year’s delay to prepare the field. Plaintiff accepted.
It was at the end of the year last mentioned that the president of the defendant club, thinking that everything was in order and acceptable to the Polo Club, notified the plaintiffs to take possession of the grounds, *1047 to which, as before mentioned, no favorable reply was made.
[1] One of the first pleas in defense is that the Polo Club and its members did not all become members of the Jockey Club and take stock, as agreed 'upon in the contract.
This was the consideration. It was stated in the contract.
As this condition was expressly made the consideration, plaintiffs cannot insist upon specific performance, as they have not performed their part of the contract.
The first requirement of the one who sues for specific performance is performance of his part of the contract, or he must prove that he is ready to comply with whatever devolves upon him to do.
In this instance it was a condition precedent before plaintiffs could become members of the club and before they could insist upon delivery of the club’s grounds.
There was no other consideration, although in testifying the witnesses for the plaintiffs stated that it was because of the decided advantage that the Polo Club would be to the Jockey Club that the contract was entered into at all.
We do not look upon that as a consideration. If it was any part of the consideration, it should have been mentioned in the contract. It was not.
[2] Besides, if it was part of the consideration, if it can be considered in that light at all, as the members as a whole failed to sign in accordance with the agreement, there was a decided failure of consideration. The contract failed of its purpose when nine of the nineteen members of the Polo Club neglected or declined to sign.
We are not much inclined to think that it was even intended as a consideration.
The condition expressed that the members of the Polo Club would become members of the Jockey Club .and take stock was- the consideration, and the other the influence and recommendation the active membership of the plaintiff club would have was an incident.
In the next place, the plaintiff’s contention is that they are entitled to specific performance.
[3] We have considered this demand, and have arrived at the conclusion that plaintiffs are not entitled to specific performance; that they are not in a position to require it for the reason that there was a remedy other than specific performance.
Plaintiffs had a right to damages (if they had any right at all), and not to specific performance.
The amount agreed upon for the delay before mentioned for the delivery of the track to plaintiffs shows how easily it would have been possible to fix the amount of damages, if plaintiffs are entitled to damages at all.
This easily answers all contention of plaintiffs that damages is not their remedy.
It is well settled that, when damages are easily recoverable, specific performance is not the remedy. City v. N. O. & N. E. R. R., 44 La. Ann. 64, 10 South. 401; Carpenton & Dreyfous v. Eorrey & Trammell, 49 La. Ann. 872, 21 South. 600; Gauche v. Metropolitan Bank, 125 La. 530, 51 South. 578, citing a number of decisions.
The decisions are quite conclusive upon this point.
Courts under the authority of law and reason will not hasten to render a decree compelling specific performance in civil matters where gain is the consideration. A decree for specific performance may lead to personal restraint. This is not enacted if damages recoverable can do justice between the parties.
Moreover, in one of the cases cited, the court expressly states that specific performance rests largely in the discretion of the court. 44 La. Ann. 64, 10 South. 401, supra.
This case justifies the exercise of discretion as it is quite evident that plaintiffs are *1049 not entitled to specific performance from any point of view.
If the parties were entitled to specific performance in cases such as the one before us for decision, it would open the floodgates of litigation. Courts would have to interpose their authority at every step to pass upon details of specific performance vel non. They would have to hear all the complaints which may arise in proceedings instituted to compel specific performance.
That mode of proceeding is not favored under any system of laws and particularly under the civil law.
While parties are expected to comply with their contracts, and cases may arise when they can he compelled to perform and comply with their contracts, they ought not to compel specific performance in a contract in which the parties are as much in doubt as to their rights as in this instance.
While the binding effect of contracts can be maintained and the parties to a contract can be held to respond for all damages which have been occasioned, there are no decisions that we have been able to find that would justify us in ordering specific performance.
Besides, there is not adequate consideration.
The whole additional improvement which plaintiffs' wish to have made would cost about §17,000. This would consist in filling and raising the polo -grounds.
There is no stipulation in the contract in regard to raising the level of the tract. The plaintiffs are asking for something to be done not stipulated in the contract.
A number of members of the plaintiff club met defendant’s president on the tract. They examined it. Nothing was said about raising the land higher than it was, and nothing of the kind is stated in the contract. It was signed, and no error is alleged to have been committed. The contract expresses the intention of the parties.
The expenditure of plaintiffs under the terms of the contract was limited to subscription for stock. They paid for nothing else, and even as to this subscription the whole club failed to sign.
We have considered other points. We would pass upon them expressly were it necessary. Those reviewed and decided dispose of the case.
For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed, at plaintiffs’ costs.