No. ——
First Circuit Appeal

---

RENE VIATOR v. GASTON PATOUT

---

(Dec. 30, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Specific Performances—Par. 21.**

Where a written contract is so lacking in detailed specifications that the court can not determine the agreement of the parties thereto, the contract is not susceptible of being enforced by judgment of specific performance.

Appeal from the Parish of Iberia. Hon. James Simon, Judge.

This is a suit for specific performance of an alleged contract.

Judgment for defendant in Court of Appeal.

L. P. Bryant, of New Iberia, attorney for plaintiff.

Weeks & Weeks, of New Iberia, attorneys for defendant.

LECHE, J. Plaintiff as beneficiary and transferee, sues for the specific performance of an agreement assumed by the defendant, wherein the latter obligated himself "to cut and extend a canal" to the property of plaintiff, etc. The obligation was originally entered into by Henry Patout and Gaston Patout in favor of Dr. Albert G. Hemmer, plaintiff being the assignee of Dr. Hemmer and defendant the assignee of his co-purchaser, Henry Patout.

The purpose of the stipulation was to afford Dr. Hemmer drainage facilities in favor of the land retained by himself, over the land which he sold to Henry and Gaston Patout. There are no specifications as to the location, the width and depth of the canal in the written contract sought to be enforced against the defendant, beyond the terms of the stipulation which in its entirety, is contained in the description of the property and reads as follows:

"Together with the above described property, that certain canal and right of way located on the division line between lots 6 and 7 of the subdivision of the land of Ozone Segura, shown on the map hereto attached and belonging to L. Kling and Adolph Dugas. The vendees herein obligating themselves to cut and extend said canal to the property of vendor situated west of the property herein sold and the vendor herein reserving the right to drain his remaining property west of the tract herein sold, to the said canal."

The important question presented for decision, is whether the obligation thus assumed by defendant, is such that the court may order its specific performance.

Whilst according to Art. 1926, C. C., the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, specific performance has never been favored by our law. Pratt vs. McCoy, 128 La. 617, 54 South, 1012. Courts will not lightly order the specific performance of a contract; and, when damages will afford an adequate remedy, specific performance will be denied. N. O. Polo Club vs. N. O. Jockey Club, 128 La. 1044, 55 South. 668.

But beyond the aversation of the law to enforce specific performance, the contract in this case is so lacking in detailed specifications, that the court could not, in default of performance without substituting its judgment and discretion for that of the parties and reforming the contract by defining the location of the canal and designating its width and depth.

Our opinion then, is that the contract is not susceptible of being enforced by specific performance.

For these reasons, the plaintiff's demand should be refused at his costs but without prejudice and

It is so ordered.