No.———

### First Circuit

---

### WEST v. IMPORTERS AND EXPORTERS INSURANCE CO.

---

(January 5, 1928.   Opinion and Decree.)
(February 15, 1928.   Rehearing Refused.)

---

*(Syllabus by the Editor)*

1. **Louisiana  D i g e s t—Arbitration  and  Award—Par. 2.**

Under Article 2997 of the Civil Code power to refer a matter to arbitration must be specifically and expressly conferred.

2. **Louisiana  Digest—Insurance—Par. 24; Arbitration and Award—Par. 2, 5; Specific Performance—Par. 10.**

The owner of a chattel mortgage note is not bound by the provision of an insurance policy, requiring proof of loss, to be determined by arbitration before suit instituted in court.

3. **Louisiana   D i g e s t—Arbitration and Award—Par. 2; Specific Performance —Par. 10.**

Act No. 105, 1898, amended by Act 255 of 1914, regarding fire insurance policies do not abrogate or supercede Civil Code, Article 2997, requiring the power to arbitrate to be expressly conferred.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Jeff West against the Importers and Exporters Insurance Co. of New York.

There was judgment for the plaintiff and defendant appealed.

Judgment affirmed.

O. E. Guillory, of Ville Platte, attorney for plaintiff, appellee.

J. H. Hollingsworth, of New Orleans, and L. A. Fontenot, of Opelousas, attorneys for defendant, appellant.

MOUTON, J.   Plaintiff bought a Ford automobile from Stromer Motor Co., of Evangeline Parish, for $571.75, of which he paid in cash $228.70, leaving a balance of $343.05, payable in twelve installments, which were evidenced by a promissory note secured by a chattel mortgage. In the act of mortgage, plaintiff obligated himself to insure the automobile, and upon his failure to do so, gave the option to the vendor or holder of the note to have it insured. The note was transferred to the Standard Motor Finance Company, which took out an insurance policy on the auto from the Importers and Exporters Insurance Company, against which plaintiff brings this suit for the value of the auto, alleging that it was destroyed by fire.

On the back of the policy in reference to "appraisal" is found a clause providing for the appointment of appraisers by the insured and the defendant company in case of a disagreement as to the amount of loss or damage; also for the selection of an umpire, and upon failing within fifteen days to agree on an umpire, on the request of either the insured or the company, such umpire to be selected by a judge of a court of record. The clause above referred to, proceeds as follows:

"The appraisers shall then appraise the loss and damage stating separately sound value or loss or damage to each item, and failing to agree, shall submit the differences only, to the umpire. An award in writing, so itemized, or any two when filed with this company shall determine the amount of sound value and loss or damage."

It is provided in the policy under the foregoing clause, that no suit or action shall be sustainable in any court of law or equity, unless the assured shall have fully complied with the foregoing requirements.

The defendant contends that plaintiff has refused to have his loss appraised as is provided for under the stipulation of the policy, and has therefore no right to sue or or recover in these proceedings.

It will be noted that the clause hereinabove referred to in relation to the question of appraisal, clearly provides for the appointment of arbitrators. It must, however, be observed in connection therewith, that in the chattel mortgage, plaintiff, as subscriber of the note for the deferred payments of the balance of the price, gave to the original or subsequent holder of that note the right to have the automobile insured. This was the extent of the authority conferred on such holder of the note. Such holder is nowhere empowered to appoint or consent to the appointment of arbitrators to estimate or fix the loss plaintiff might suffer from damage to or destruction of the auto. The power to refer a matter to arbitration must be specifically and expressly conferred. C. C. 2997.

The Standard Motor Finance Company, transferee of the note, had therefore no authority when it obtained the insurance policy from defendant company, to bind plaintiff to the obligation of appointing an umpire, appraisers or arbitrators, to fix the amount of the damage he might suffer in the loss of his auto or injury thereto. In the absence of authority to that effect, plaintiff cannot be bound by the said clause in the policy, even if such a stipulation in regard to matters to arise in the future,

is enforceable under ours laws. The Supreme Court in McCreight vs. Leavel, 156 La. 496, 100 So. 289, takes the view as a general proposition that stipulations of that character are not binding, and thus expresses its views on the subject as follows:

"Courts will not compel persons to appoint arbitrators, nor will they otherwise enforce agreements whereby persons undertake, with regard to matters to arise in the future, to close the doors of the courts against themselves." See also Gauche vs. Metropolitan Bldg. Co., 125 La. 530, 51 So. 578.

Counsel for defendant company contend, if we correctly appreciate the position taken by them, that the decisions which refer to the submission of such matters to appraisers or arbitrators, have not application to a case of this character, which is for the enforcement of an insurance policy. They contend that contracts of insurance must be differentiated from other contracts. In support of that contention they refer to St. Landry Wholesale M. Co. vs. New Hampshire Fire Ins. Co., 114 La. 146, 38 So. 87. In that case, the court, in making reference to a contract of insurance, merely said in conclusion that it did not see why, in the interpretation of such a contract under the provisions of Act 105, p. 151, of 1898, it should "lean one way more than another." Such an expression from the court, does not, in our opinion, support the contention that insurance contracts are in a class of their own in reference to the subject under discussion.

In reference to the appointment of arbitrators, counsel refers us to Section 22 of Act 105 of 1898, which says that no fire insurance policy shall issue on property in this State "other than those which shall conform to the requirements of the New York Standard form of Fire Insurance Policy." This act repeals all laws or parts of laws in conflict with its provisions.

Counsel also refer to Act No. 255 of 1914, which amends and re-enacts Section 22 of Act 105 of 1898. This amendatory act, after declaring that these fire insurance policies must conform to the New York Standard form of Fire Insurance Policy, has these words: "Of the form now in force in the State of Louisiana." In this latter act there is no clause repealing all laws or parts of laws in conflict with its provisions.

Counsel contend that these acts have the effect of abrogating and superseding all the provisions of the Civil Code in reference to arbitrators or amicable compounders insofar as insurance contracts are concerned. They contend that the New York Standard form of Fire Insurance Policy has been adopted by our statutes as the determining authority or factor in these insurance contracts, and that the provisions of the Code which refer to arbitrators, have no application. We do not think that either Act 105 of 1898, or Act 225 of 1914, have had that effect, or were ever intended to abrogate or supersede the provisions of our Code as to insurance contracts or those of a different character.

We are not aware of any statute that gives us the New York Standard form of Fire Insurance Policies, or the form in force in this State, to which reference is made in Act 225 of 1914, hereinabove cited. There is no proof in the record giving us that form of insurance policy, or as to whether they demand the requirement of leaving to appraisers or arbitrators the rights of assessing the loss and damage that the assured may suffer in cases of this nature. It would certainly be impossible for us to take judicial cognizance of the contract in this case as coming under the New York form of Fire Insurance Policy, even if we were inclined to the conclusion that the articles of the Code,

which deal with arbitrators, had been superseded by the statutes, which counsel for defendant strenuously contend have accomplished that purpose.

Counsel for defendant cites decisions of the Supreme Court of the United States to the effect that an agreement for arbitration is valid even if it provides for determination of liability that a stipulation in an insurance policy which provides a method of estimating and ascertaining the amount of loss, is binding. Under the decisions of our courts, above cited, such stipulations cannot be successfully invoked as heretofore, noted. Even if such stipulations in insurance contracts are legal, they can have no effect unless the party "against whom they are urged, has bound himself personally thereto, or through another, legally authorized." In this case the record shows that the stipulation in question was entered into by the Standard Motor Finance Company without any authority having been conferred upon it by plaintiff, to bind him by any such agreement.

It is also contended by defendant that plaintiff has not made proof of the loss he suffered at the time the auto was burned. The proof shows that about a week prior to the injury by fire, the auto was in good condition, and was worth from $300.00 to $350.00. This estimation is made by two disinterested witnesses, men with experience in the automobile business. There is not the slightest evidence to show that the auto suffered any depreciation in value in the week that intervened between the time when this estimation was based, to the date of the fire. On the contrary, everything indicates that the auto had remained in good condition up to the time it was burned. The value, at the time of the fire, is sufficiently established. The fire reduced it to mere junk, as the record shows; its value then was about $25.00.

The amount decreed below is supported by the evidence; statutory damages and attorney's fees were also properly allowed.