FOURNET, Justice.
 

 Plaintiffs instituted this proceeding for an injunction to enforce specific performance of a contract entered into by plaintiffs and defendant on August 12, 1933.
 

 The specific portion of the contract which is sought to be enforced is contained in paragraph 4 thereof, as follows:
 

 “It is further understood and agreed that vendors are to furnish their passenger depot facilities in the City of Shreveport, Louisana, for the use of vendee and its lessee herein and said vendee and its lessee expressly agree to receive and discharge its passengers at said depot and terminal exclusively, in the City of Shreveport, Louisiana, provided however,in the event Sunshine Bus Lines Incorporated becomes the lessee of the vendee, as herein contemplated, it will maintain for the purpose of the sales of tickets only, its existing ticket office and agency in Shreveport; Louisiana, until the date of the expiration of the present lease to the property on which same
 
 *782
 
 is located, the expense incident thereto to be shared equally between lessee and vendor, Tri-State Transit Company of Louisiana, Incorporated, the personnel of the employees to operate said office to be mutually agreed upon by and between the parties, and further that no passenger shall be received or discharged by said lessee or vendors at said ticket office, and unless by mutual consent of the parties hereto, said ticket office is to be discontinued at the expiration date of the lessee’s present lease of the location thereof. In consideration of the use of vendor’s passenger depot facilities vendee and lessee agree to pay to vendors a sum equal to ten per cent of the amount derived by vendors through the sale of vendee’s and/or lessee’s tickets at said passenger depot, and it is further agreed that neither vendee nor lessee shall authorize or permit the sale of its tickets in Shreveport, Louisiana, by any other person or agent without the written consent of the vendors.”
 

 Defendant filed an exception of no cause or right of action, which was overruled. Answer was then filed by the defendant and the case was tried on the merits. The trial resulted in a judgment in favor of defendant, rejecting the temporary injunction, but on a new trial the temporary injunction was granted. The defendant appealed.
 

 Plaintiffs’ interpretation of paragraph 4 is that the defendant must close its existing ticket office and agency (Auto Hotel) in the city of Shreveport, discontinue the sale of its own tickets and turn over the entire management and sale of tickets to the plaintiffs, and receive and discharge its passengers at plaintiffs’ depot and terminal exclusively, in the city of Shreveport. On the other hand, the defendant construes the phrase in .paragraph 4, “to furnish their passenger depot facilities in the Oity of Shreveport for the use of vendee and lessee” (defendant), to mean that it would be permitted to have its own representatives and employees in the station to protect its interests and to handle its business, which necessarily includes the selling of its tickets; and that the clause that, “neither vendee nor lessee shall authorize or permit the sale of its tickets in Shreveport by any other person or agent without the written consent of the vendors,” does not designate the plaintiffs as the exclusive agent for the sale of defendant’s tickets, nor preclude the defendant from selling its own tickets.
 

 The plaintiffs have placed the defendant in default on their interpretation of the contract, and the defendant has countered by offering to do its part of the contract in accordance with its interpretation thereof and, in the alternative, it offered to continue its own office at its present location (Auto Hotel), without any expense to the plaintiffs.
 

 Specific performance of a contract cannot be demanded as an absolute right, as it rests largely in the discretion of the court, to be exercised in strict conformity with equity and justice. Pratt v. McCoy, 128 La. 570, 54 So. 1012. The party aggrieved by a violation or breach of a contract is in ordinary cases entitled to damages, and it is only when no adequate compensation can be awarded in damages that the courts in this state have decreed specific performance of a contract. New Orleans Polo Club v. New Orleans Jockey Club, 128 La. 1044, 55 So. 668; City of New Orleans v. New Orleans & N. E. R. Co., 44 La. Ann. 64, 10 So. 401; Rev. Civ. Code, art.
 
 *784
 
 1927; Rice v. Rice, 46 La. Arm. 711, 712, 15 So. 538.
 

 While the plaintiffs allege that to permit defendant to continue to operate its own ticket office as a competing office will cause them “irreparable injury,” this allegation is not supported by the evidence.
 

 It does not appear that these two companies are competitors at this time and have not been since the execution of the contract. The contract was entered into in order to stop . a. so-called “bus war,” and each party took over certain exclusive routes, which had been • previously covered by both in competition.
 

 This contract, in our opinion, is not one which this court can undertake to enforce by injunction. It contemplates the performance of obligations extending over an indefinite period of time, and the details and precise manner in which the business is to be handled are so vague and indefinite that it would be impossible to enforce specific performance of these obligations. For instance, we could not compel the plaintiffs to attend to defendant’s business in the handling of its tickets and depot facilities because .the contract does not specifically set out how it is to be done.
 

 Under the circumstances, it appears to us that the plaintiffs are not entitled to specific performance of the contract.
 

 . For the reasons assigned, the judgment of the lower court is annulled and reversed, the temporary injunction therein granted is dissolved, and plaintiffs’ suit dismissed, at their cost.
 

 O’NIELL, O. X, dissents.