HIGGINS, Justice
 

 (dissenting).
 

 This is an action by a manufacturer of cloth bags against a corporation engaged in the sugar business for the specific performance of a contract under which the purchaser agreed to buy a certain amount of cloth bags to be manufactured by the plaintiff for a stated price. The defendant breached the contract by refusing to comply with the terms and conditions thereof. One of the defenses is that the plaintiff should be compelled to recast its. suit because it is not entitled to specific performance but only to sue for damages for breach of the contract covering its losses and profits. The judgment of the district court ordered the enforcement of the contract and the defendant appealed.
 

 The record shows that the bags contracted for were ordinary sugar bags which are usually manufactured for that particular purpose in the trade. It is obvious that the only interest that the plaintiff had in the contract wás the amount of profit to be gained by manufacturing and delivering these bags under the contract to the defendant. It could not gain any more from the contract by its fulfillment other than the profit that it would have made if the defendant had voluntarily complied therewith. As a matter of fact, the record indicates that the bags had not been manufactured at the time the suit was filed nor up to the time the case was tried.
 

 Articles 1926 and 1927 of the Revised Civil Code read:
 

 “1926 * * *. On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section.
 

 “1927 * * *. In ordinary cases, the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts.”
 

 In the instant case, the plaintiff prays for a monied judgment against the defendant and, therefore, it appears that adequate compensation covering the plaintiff’s profits and losses for breach of the contract can be obtained by such an action. The law does not favor specific performance of a contract where the obligation is to do or not to do and where it appears that adequate compensation can be awarded in damages for the breach of the agreement.
 

 
 *353
 
 In the case of Tri-State Transit Co. v. Sunshine Bus Lines, 181 La. 779, 160 So. 411, 412, the court held:
 

 “Specific performance of a contract cannot be demanded as an absolute right, as it rests largely in the discretion of the court, to be exercised in strict conformity with equity and justice. Pratt v. McCoy, 128 La. 570, 54 So. 1012. The party aggrieved by a violation or breach of a contract is in ordinary cases entitled to damages, and it is only when no adequate compensation can be awarded in damages that the courts in this state have decreed specific performance of a contract. New Orleans Polo Club v. New Orleans Jockey Club, 128 La. 1044, 55 So. 668; City of New Orleans v. New Orleans & N. E. R. Co., 44 La.Ann. 64, 10 So. 401; Rev.Civ.Code, art. 1927; Rice v. Rice, 46 La.Ann. 711, 712, 15 So. 538.”
 

 See also Solomon v. Diefenthal, 46 La. Ann. 897, 903, 15 So. 183; Mirandona v. Burg, 49 La.Ann. 656, 657, 21 So. 723; Caperton v. Forrey, 49 La.Ann. 872, 21 So. 600; Citizens’ Bank v. James, 26 La.Ann. 264, 267; Youngblood v. Daily & Weekly Tribune, 15 La.App. 379, 131 So. 604, and Civil Code Articles 2046, 2086, and 2462.
 

 I see no legal reason to compel the defendant to expend the full contract price for the bags when it has no use for them as it went out of business, particularly when it is shown that adequate compensation can be awarded to the plaintiff for the damages for the breach of the contract.
 

 For these reasons, I respectfully dissent from the holding of the majority opinion.