135 So.2d 685 (1961)
Roland J. HYMEL and Harold J. Waguespack
v.
OLD HOMESTEAD INC. and Heritage Estates, Inc.
No. 254.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1961.
Rehearing Denied January 2, 1962.
Certiorari Denied February 6, 1962.
*686 John D. Lambert, Jr., New Orleans, for plaintiffs-appellants.
Gertler, Hart & Duran, Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, and Robert J. Lacey, for defendants-appellees.
Before JOHNSON, JANVIER and HALL, JJ.
LUTHER E. HALL, Judge pro tem.
Plaintiffs, Roland J. Hymel and Harold J. Waguespack, prosecute this appeal from a judgment of the District Court for the Parish of Jefferson which maintained exceptions of no cause or right of action and of prescription and dismissed their suit against the defendants, Old Homestead, Inc. and Heritage Estates, Inc.
Plaintiffs filed this suit on August 8, 1958, basing same on a certain agreement between themselves and Old Homestead, Inc., dated October 25, 1927, attached to and made part of their petition which plaintiffs allege to be an executed act of sale of certain lots from Old Homestead, Inc., to themselves and which they allege in the alternative to be an executory contract of sale which is still in full force and effect.
Very little need be said about plaintiffs' main demand which is for a judgment declaring them to be the owners of the lots predicated on the theory that the agreement of October 25, 1927, is an executed credit sale. A mere cursory reading thereof shows that no title was intended to be passed thereby.
For instance, in the first "witnesseth" paragraph, it is recited that the first party agrees to sell and the second party agrees to buy.
The sixth paragraph reads in part:
"The party of the first part agrees, when all payments have been made in accordance with the terms of this agreement, to deliver to the party of the second part a good and sufficient warranty title * * * at the expense of the party of the second part. Act of Sale to be passed before purchaser's notary * * *".
In a later paragraph it is stipulated that the lots "are to be sold under the following restrictions which are to be incorporated in the act of sale thereof when passed".
Towards the end of the agreement Old Homestead, Inc., committed itself to indemnify plaintiffs if it "fails to deliver as hereinabove obligated a clear and unencumbered title" upon due payment of all installments being made by plaintiffs.
It is too clear to admit of argument that the instrument sued on is not an executed sale but is merely an agreement of sale or "bond for deed". See Powell v. Codifer & Bonnabel, 167 La. 97, 118 So. 817; Smith v. Hussey, 119 La. 32, 43 So. *687 902; Noto v. Blasco, La.App., 198 So. 429; Davis v. McCain, 171 La. 1011, 132 So. 758.
Plaintiffs therefore on the face of the petition and attached contract have no right of action on their main demand as owners.
Pleading in the alternative, plaintiffs allege that should the court determine that the contract sued upon was an executory agreement and not an executed sale, they are still entitled to be declared owners of the property for the reason that said contract is still executory and in full force and effect and specific performance may be demanded.
Although plaintiffs do not actually pray for specific performance, the prayer being for other detailed relief not necessary to be mentioned here, the fact remains that the detailed alternative relief actually prayed for cannot be had unless the plaintiffs are entitled to specific performance of the contract of October 27, 1927. The plaintiffs recognize this fact in their brief wherein they characterize their alternative demand as being one for specific performance.
The contract sued upon provides that the unpaid part of the purchase price of the lots ($708.25) shall be paid in 72 consecutive monthly installments of $9.84 each, commencing on the 25th day of October 1927 and bearing 7% interest per annum from due date until paid. In addition plaintiffs assumed the payment of all taxes subsequent to the year 1927.
The testimony of plaintiffs themselves shows that they have made no payments whatever on account of the contract either by way of installments, interest, taxes, or otherwise since the year 1933. Their only excuse was that they stopped payment on account of the depression in the early thirties. No reason is advanced by them for not making any payments since the depression ended.
For 25 years plaintiffs exhibited no interest in the contract whatever and offered no excuse for their lack thereof. Plainly plaintiffs abandoned the agreement. Hence they no longer have an interest therein and have no right of action thereunder.
Specific performance is an equitable remedy to which plaintiffs are not entitled as a matter of right but is left to the sound discretion of the Courts. Tri-State Transit Co. of Louisiana Inc. v. Sunshine Bus Lines Inc., 181 La. 779, 160 So. 411.
Plaintiffs' unreasonable delay in filing this suit after the lots in question have substantially increased in value will justify and require a denial of that right. Joffrion v. Gumble, 123 La. 391, 48 So. 1007; Powell v. Codifer Davis & Bonnabel, Inc., supra; Davis v. McCain, supra; Seeger v. Seeger, 169 La. 611, 125 So. 732.
But plaintiffs complain that Old Homestead Inc. has never put them in default under the provisions of the contract and hence, they argue, the contract is still alive and they may have specific performance of it. Under the facts of this case the defendants had a right to consider the contract abandoned and at an end and no default necessary.
Since plaintiffs do not have a right of action under either their main or their alternative demand, the District Judge was correct in dismissing their suit.
There is no need for us to consider the exceptions of no cause of action and of prescription.
For the foregoing reasons the judgment of the District Court dismissing plaintiffs suit is affirmed.
Affirmed.