420 So.2d 1029 (1982)
Nathan L. CARMADELLE, et al.
v.
KOCH-ELLIS MARINE CONTRACTORS.
No. 5-115.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
Rehearing Denied November 17, 1982.
*1030 Greenberg & Dallam, Nathan Greenberg, Gretna, for plaintiffs-appellants.
Dymond, Crull & Castaing, Edward J. Castaing, and Wright & Kerstein, David A. Kerstein, New Orleans, for defendant-appellee.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
SAMUEL, Judge.
Plaintiffs, Nathan L. Carmadelle and River's Edge Development Corporation, filed this suit against the defendant, Koch-Ellis Marine Contractors, Inc., seeking specific performance of a letter of intent dated April 10, 1978 to lease certain batture property on the Mississippi River from January 1, 1979 through June 30, 1985 at a rental of $30 per front foot. Alternatively, plaintiffs sought a money judgment in the amount of $302,454. Defendant answered, denying liability for specific performance or for money damages, and asserting various defenses.
After a trial on the merits, judgment was rendered in favor of plaintiffs ordering defendant to "... specifically perform that certain contract entered into by and between parties in January of 1979, based on the terms and conditions of that certain letter of intent executed by and between the parties on April 11, 1978, except, that the rental consideration shall be the sum of $15.00 per front foot for the remaining principal term of the contract." This judgment was rendered on October 17, 1980. Subsequently, plaintiffs filed a rule to show cause why defendant should not be ordered to pay it the sum of $44,612.50 representing 21 months of rent from February, 1979, at the rate of $15 per front foot. The rule was argued and the trial judge rendered judgment ordering defendant to pay rent commencing October 17, 1980 because "to require the defendants (sic) to pay rent for a term prior to this date would be inequitable." Originally defendant filed an appeal, but later attempted to dismiss that appeal by motion filed in the district court. Plaintiffs also filed an appeal which was technically untimely, but the Fourth Circuit Court of Appeal refused to dismiss plaintiffs' appeal and held it should be treated as an answer to defendant's appeal.
Carmadelle leased the subject property from the owners on July 1, 1974 for a term of ten years, with options to renew. The lease provided that the rent for the first five years (to June 30, 1979) was $7.93 per front foot, and the rent for the second five years (to June 30, 1984) was $11.90 per front foot.
On April 11, 1978, defendant agreed to sublease the batture property from Carmadelle, and the parties executed a letter of intent which by its terms expired July 1, 1978 unless extended in writing for a period not to exceed sixty days. Attached to this letter was a proposed lease by which defendant was to sublease the premises for a period of six years at an annual rental of $15 per front foot from July 1, 1978 to December 31, 1978 and an annual rental of $30 per front foot from January 1, 1979 to June 30, 1984. This agreement called for defendant's ability to use the property for barging and fleeting purposes. A permit for this purpose was attained and assigned to defendant.
The letter of intent was extended to July 15, 1978. No written lease was ever executed by the parties. After July 15, 1978, defendant continued to send payments to plaintiffs based on a rental of $15 per front foot, even though the letter of intent had expired.
Defendant made a similar payment in January, 1979 and that payment was accepted by plaintiffs. However, in February, 1979 plaintiffs objected to payment at the rate of $15 per front foot, returned the February payment and demanded defendant make payments based on $30 per front foot as stipulated in the lease agreed upon in the letter of intent.
When defendant sent its payment in January, 1979 based on $15 per front foot, the following letter accompanied the payment:
"Enclosed is the rent for the month of January. We will continue paying *1031 monthly until the lease agreement has been signed.
I will be meeting with David Kerstein on Thursday, and hopefully we can have things settled in a week or two."
The evidence indicates that in October and November, 1978, even though the letter of intent had expired, Carmadelle and defendant entered into negotiations for a new agreement. These negotiations led to an agreement for a new sublease beginning January 1, 1979. Plaintiffs contend and Carmadelle testified the rent for the new sublease was to be $30 per front foot, and defendant's testimony is that the rent was agreed upon at $15 per front foot.
In December, 1978, Carmadelle submitted a revised lease, with a $30 per front foot rental stated therein. Carmadelle insists this lease was correct, but defendant's witnesses testified Carmadelle admitted the $30 figure was incorrect and had agreed to have his attorney prepare a final lease with rent at $15 per front foot.
Defendant's witnesses testified that in contemplation of the new written agreement based on $15 per front foot it submitted its January 1, 1979 payment based on the $15 figure. As has been said, this $15 per front foot payment for January, 1979 was accepted by Carmadelle without objection or reservation, but he rejected the February payment based on $15 per front foot, and demanded a rental of $30 per front foot.
The trial judge thus was faced with a question of fact based on contradicting testimony. He found as a fact that defendant's January, 1979 payment based on $15 per front foot was accepted by plaintiffs and that this acceptance, together with the testimony of the witnesses, established a meeting of the minds to lease the property in question on the basis of $15 per front foot.
The trial judge was in a better position to evaluate the evidence and credibility of the witnesses before him, and we see no error, manifest or otherwise, in his holding that $15 per front foot was the amount of the rent finally agreed upon between the parties.[1]
The other issue presented for our consideration is whether the trial judge committed error by refusing to compel defendant to specifically perform from January 1, 1979, and only ordering specific performance from October 17, 1980, the date of judgment. As stated above, the trial judge reasoned it would be inequitable for specific performance to be granted retroactive to the original contract date. It should be noted that during all of this time defendant did not have possession of the property.
As justification for the trial judge's decision, defendant points out that while plaintiffs were seeking equitable relief, they themselves acted inequitably by disavowing their own prior agreement and demanding more rent while at the same time failing to perform or to tender possession of the subleased batture property to defendant. We concur in this argument.
Specific performance is an equitable remedy to which plaintiffs are not entitled as a matter of right. Ordering specific performance is left to the sound discretion of the courts.[2] A major requirement of one who seeks specific performance is proper performance of his part of the contract. In the absence of proper performance, plaintiff must prove he is and was ready to comply with whatever obligations devolved *1032 upon him to perform.[3] These rules have been particularly applied to the lessor-lessee situation.[4]
Because plaintiffs did not comply with their agreement in its entirety, and because there was no offer of possession of the leased premises to defendant, we conclude the trial judge did not abuse the discretion afforded him in granting equitable relief by only ordering specific performance from the date of the judgment.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] See, e.g., Canter v. Koehring Company, La., 283 So.2d 716.
[2] Hymel v. Old Homestead, Inc., La.App., 135 So.2d 685; see also, Lambert v. Succession of DeHass, La.App., 271 So.2d 910.
[3] New Orleans Polo Club v. New Orleans Jockey Club, 128 La. 1044, 55 So. 668.
[4] United States Leasing Corporation v. Keiler, La.App., 290 So.2d 427.